UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-22330-KMM

CRUZ EDDEN VELAZQUEZ URBINA and
All others similarly situated under 29 U.S.C. 216(b),

    Plaintiff,
vs.

KNM CONSTRUCTIONS CORP.,
CONCRETE LABOR DEVELOPMENT INC.,
HECTOR GRANADOS, ORESTES BOFFIL,

    Defendants.

_____

**DEFENDANTS, KNM CONSTRUCTIONS CORP., AND HECTOR GRANADOS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**
_____

Defendants, KNM Constructions Corp., ("KNM") and Hector Granados ("Granados") for their amended answer and affirmative defenses to Plaintiff, Cruz Edden Velazquez Urbina ("Urbina") Complaint under 29 U.S.C. 201, *et seq*. ("Fair Labor Standards Act" or "FLSA") for Overtime Wage Violations, state as follows:

1. Defendants admit this purports to be a claim under the Fair Labor Standards Act, 29 U.S.C. § 201-216, but deny any inference of wrongdoing on their part or that they are liable to Plaintiff for any relief sought or liability therefrom.

2. Defendants lack knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, and on that basis, deny the allegations contained therein and demand strict proof thereof.

3. Defendants admit that KNM transacted business within Miami-Dade County, but does not answer the remaining allegations in Paragraph 3 to the extent such allegations call for a

legal conclusion regarding Plaintiff's status under the FLSA. Defendants otherwise deny such allegations in Paragraph 3.

4. Defendants lack knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, and on that basis, deny the allegations contained therein and demand strict proof thereof.

5. Defendants admit that Hector Granados is the President of KNM, but does not answer the remaining allegations in Paragraph 5 to the extent such allegations call for legal conclusions concerning the parties status under 29 U.S.C. 203(d) of the FLSA. Defendants otherwise deny such allegations in Paragraph 5.

6. Defendants lack knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, and on that basis, deny the allegations contained therein and demand strict proof thereof.

7. Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 7, and on that basis, deny the allegations contained therein and demand strict proof thereof.

### Count I. Federal Overtime Wage Violation

8. Defendants admit that this action purports to arise under the Fair Labor Standards Act under the laws of the Unites States, but lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, and deny the allegations contained therein and demand strict proof thereof.

9. Defendants admits that federal courts have jurisdiction over claims brought pursuant to the FLSA, but deny that all jurisdictional requisites for maintaining this FLSA claim are met under the facts alleged in the complaint and therefore demand strict proof thereof.

10. Paragraph 10 is a direct citation to the statutory language of 29 U.S.C. 207 and therefore requires no response. To the extent a response is required, the Defendants deny the allegations in this paragraph and demand strict proof thereof.

11. Defendants deny the allegations contained in paragraph 11 as phrased, and demand strict proof thereof.

12. Defendants state that Paragraph 12 only recite legal conclusions and therefore, no response is required. To the extent any response is required, the Defendants deny the allegations in this paragraph and demand strict proof thereof.

13. Defendants state that Paragraph 13 only recites legal conclusions and therefore, no response is required. To the extent a response is required, the Defendants deny the allegations contained therein and demand strict proof thereof.

14. Defendants deny the allegations in Paragraph 14and demand strict proof thereof.

15. Defendants lack knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and therefore deny the allegations contained therein and demand strict proof thereof.

16. Defendants deny the allegations in Paragraph 16 and demand strict proof thereof.

17. Defendants deny the allegations in Paragraph 17 and demand strict proof thereof..

18. Defendants lack knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and therefore deny the allegations contained therein and demand strict proof thereof.

19. Defendants deny paragraph 19 and demand strict proof thereof.

20. All other allegations not specifically admitted by the Defendants are hereby denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff has not alleged any facts describing the circumstances of employment which makes him a covered employee, and has therefore failed to state a claim for violation of the FLSA. To state a claim, "a plaintiff must allege facts demonstrating that he or she is a covered employee in a non-exempt position." *See* Maya v. Master Rest. Developer, LLC, 2011 WL 1336468 (S.D. Fla. March 24, 2011).

### Second Affirmative Defense

Plaintiff does not state a claim for recovery of unpaid overtime wages against either Defendant because the Defendants were not Plaintiff's 'employer' pursuant to the pertinent provisions of the FLSA.

### Third Affirmative Defense

Plaintiff does not state a claim for recovery of unpaid overtime wages because neither Defendant was engaged in an 'enterprise' affecting interstate commerce, and did not otherwise conduct any business or perform work affecting interstate commerce pursuant to pertinent provisions of the FLSA.

### Fourth Affirmative Defense

To the extent any claim arises outside the statute of limitations, Plaintiff is barred by the limitations period of two years. See 29 U.S.C. §255(a).

### Fifth Affirmative Defense

The Defendants assert that Plaintiff's claim is barred by payment in that Plaintiff has received all compensation to which he is entitled under the FLSA.

### Sixth Affirmative Defense

Defendants assert that the Plaintiff is not similarly situated to any other person or persons for purposes of the FLSA.

### Seventh Affirmative Defense

The Complaint fails to satisfy one or more conditions precedent to instituting a lawsuit under the FLSA, including, but not necessarily limited to, the failure to provide written consent to become a party plaintiff in this action pursuant to 29 U.S.C. §216(b).

### Eighth Affirmative Defense

The Defendants deny any liability under or within the meaning of the FLSA as regards to overtime compensation.  Moreover, any of Defendants' acts or omissions that give rise to the level of liability, should be barred or reduced because any acts or omissions were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.   Accordingly, having acted in accordance with reasonable commercial standards and any applicable statutory requirements, Plaintiff should be precluded from any recovery against the Defendants.

### Ninth Affirmative Defense

Any alleged violation of the FLSA resulted from the actions of third parties and/or non-parties or other defendants.

### Tenth Affirmative Defense

Plaintiff is barred in while or in part from claiming overtime wages when such wages must be offset by any compensation he received from third parties and/or nonparties unrelated to the Defendants, KNM or Granados.

### RESERVATION

To the extent that additional affirmative defenses are discovered during the course of the litigation, the Defendants reserve the right to assert additional affirmative defenses as discovery in this matter proceeds.

### PRAYER FOR RELIEF

**WHEREFORE**, the Defendants request that the Complaint be dismissed with prejudice and that judgment be entered in its favor, together with attorney's fees and costs and as such other and further relief as the Court deems just and proper.

ROIG LAWYERS

44 W. Flagler Street, Suite 2100
Miami, FL 33130
Tel: (305) 405-0997
Pleadings@RoigLawyers.com

BY:   /s/NELSON C. BELLIDO
        NELSON C. BELLIDO
        Florida Bar No. 974048
        JAMES P. GUEITS
        Florida Bar No. 935271

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by E-Mail this 6th day of July 2018, to J.H. Zidell, Esq., J.H. Zidell, P.A., 300-71st Street, Suite 605, Miami Beach, Florida 33141 via the Court's e-service system pursuant to Rule 2.516(b)(1) of the Florida Rules of Judicial Administration.

BY: /s/NELSON C. BELLIDO
NELSON C. BELLIDO
Florida Bar No. 974048
JAMES P. GUEITS
Florida Bar No. 935271
