UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-22330-CIV-SIMONTON

[CONSENT CASE]

CRUZ EDDEN VELAZQUEZ URBINA and )
all others similarly situated under 29 U.S.C. )
216(b), )
 )
          Plaintiff, )
  vs. )
 )
K N M CONSTRUCTIONS CORP., )
CONCRETE LABOR DEVELOPMENT )
INC., )
HECTOR GRANADOS, )
ORESTES BOFFIL, )
 )
          Defendants. )
_____ )

**JOINT MOTION FOR APPROVAL OF PARTIES' SETTLEMENT AGREEMENT[1],
STIPULATED DISMISSAL WITH PREJUDICE AS TO ONLY DEFENDANTS,
K N M CONSTRUCTIONS CORP., AND HECTOR GRANADOS, AND FOR THE
COURT TO RETAIN JURISDICTION**

The Parties, Plaintiff, CRUZ EDDEN VELAZQUEZ URBINA ("Plaintiff"), and

Defendants, K N M CONSTRUCTIONS CORP., and HECTOR GRANADOS ("Defendants"),

(collectively, the "Plaintiff" and "Defendants" referred to as the "Parties"), by and through their

respective undersigned counsel, and file this Joint Motion for Approval of the Parties' Settlement

Agreement, Stipulated Dismissal with Prejudice **as to only Defendants, K N M**

---

[1] As set forth in FN of the Parties' Settlement Agreement, the Agreement in no way whatsoever shall affect the release of Defendants, CONCRETE LABOR DEVELOPMENT, INC., and ORESTES BOFFIL, in this Litigation. Furthermore, the amount paid by the settling Defendants shall not be used to affect Plaintiff's wage claims, attorneys' fees and costs in the Litigation, against the non-settling Defendants, CONCRETE LABOR DEVELOPMENT, INC., and ORESTES BOFFIL. Plaintiff intends to re-new his Motion for Final Default and Extension of Time as it related to the non-settling Defendants, CONCRETE LABOR DEVELOPMENT, INC., and ORESTES BOFFIL.

**CONSTRUCTIONS CORP. and HECTOR GRANADOS**, and for the Court to Retain Jurisdiction, and respectfully state as follows:

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or approved by the District Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.; see also Sneed v. Sneed's Shipbuilding, Inc*., 545 F.2d 537, 539 (5th Cir. 1977).

A bona fide dispute exists between Plaintiff and Defendants in this case regarding Plaintiff's claim for overtime wages under the Fair Labor Standards Act ("FLSA") 29 U.S.C. 201-216 and the alleged damages associated with same. Plaintiff contends that he worked for Defendants as a carpenter from on or about October 17, 2016 through on or about June 5, 2018, and was not paid as required by the FLSA during the relevant time period. Defendants have asserted various affirmative defenses including, but not limited to, that Plaintiff was not an employee as that term is defined under the FLSA but was an independent contractor and, therefore, not entitled to overtime. Notwithstanding their factual disputes, the parties have settled this case without any admission of liability, believing that settlement promotes efficiency and brings a reasonable and fair result to this litigation.

The Parties have been exploring in good-faith settlement and have finally reached a full settlement **as to only Defendants, K N M CONSTRUCTIONS CORP., and HECTOR GRANADOS**, without any admission as to liability, to avoid risks and additional expenses

associated with continued litigation of this matter, including jury trial and any and all post trial matters (i.e. appeal, etc.). Counsel have zealously represented their clients' respective interests and have negotiated a settlement that is acceptable to Plaintiff and Defendants. All parties are represented by experienced counsel in this action, and the parties and their respective counsel agree and stipulate that the settlement represents a fair, reasonable, good faith and arms-length compromise of Plaintiff's claims.  There was no undue influence, overreaching, collusion or intimidation in reaching the parties' settlement. The Parties have submitted the Settlement Agreement via email submission to the Court for an *in camera* review. As per the Settlement Agreement, Plaintiff and Defendants agree that each party shall bear its own attorneys' fees and costs except as otherwise stated in the Settlement Agreement. As a condition for dismissal, the parties agree to dismissal of this action on the condition that the Court retains jurisdiction to enforce the terms of the Settlement Agreement. *See, Anago Franchising, Inc. v. Shaz*, LLC, 677 F.3d 1272, 1280 (11th Cir. 2012).

As set forth in the Agreement between Plaintiff and **as to only Defendants, K N M CONSTRUCTIONS CORP., and HECTOR GRANADOS**, the Agreement in no way whatsoever shall affect the release of Defendants, CONCRETE LABOR DEVELOPMENT, INC., and ORESTES BOFFIL, in this Litigation.

WHEREFORE, the said Parties respectfully request that the Court enter an Order: (1) approving the terms of the Settlement Agreement by and between Plaintiff and **only Defendants, K N M CONSTRUCTIONS CORP., and HECTOR GRANADOS**; (2) dismissing this action with prejudice **only Defendants, K N M CONSTRUCTIONS CORP., and HECTOR GRANADOS** pursuant to the Parties' stipulated settlement and dismissal; (3) retaining jurisdiction over enforcement of the settlement; (4) denying as moot all pending motions as   to

**only Defendants, K N M CONSTRUCTIONS CORP., and HECTOR GRANADOS**; and (5) the case shall proceed as to Defendants, CONCRETE LABOR DEVELOPMENT, INC., and ORESTES BOFFIL.

Respectfully submitted this 9th day of October, 2018.

By: */s/ Rivkah F. Jaff, Esq.*
   Rivkah F. Jaff, Esq.
   Fla. Bar No. 107511
   Email: Rivkah.Jaff@gmail.com
   J.H. ZIDELL, P.A.
   300 71st Street, Suite 605
   Miami Beach, FL 33141
   Telephone: (305) 865-6766
   Facsimile: (305) 865-7167
   *Attorney for Plaintiff*

By: */s/* Nelson C. Bellido, Esq.
   Nelson C. Bellido, Esq.
   Fla. Bar. No.: 974048
   Email: Pleading@roiglawyers.com
   Roig Lawyers
   44 W Flagler Street, Suite 2100
   Miami, FL 33130
   Telephone: (305) 405-0997
   *Attorneys for Defendants, K N M*
   *Constructions Corp., and Hector Granados*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-22330-CIV-SIMONTON

[CONSENT CASE]

CRUZ EDDEN VELAZQUEZ URBINA and )
all others similarly situated under 29 U.S.C. )
216(b), )
                Plaintiff, )
  vs. )
 )
K N M CONSTRUCTIONS CORP., )
CONCRETE LABOR DEVELOPMENT )
INC., )
HECTOR GRANADOS, )
ORESTES BOFFIL, )
 )
                Defendants. )
_____ )

### ORDER APPROVING JOINT MOTION FOR APPROVAL OF PARTIES' SETTLEMENT AGREEMENT[2], STIPULATED DISMISSAL WITH PREJUDICE AS TO ONLY DEFENDANTS, K N M CONSTRUCTIONS CORP., AND HECTOR GRANADOS, AND FOR THE COURT TO RETAIN JURISDICTION

Having reviewed the Settlement Agreement between the Parties, Plaintiff, CRUZ EDDEN VELAZQUEZ URBINA ("Plaintiff"), and Defendants, K N M CONSTRUCTIONS CORP., and HECTOR GRANADOS ("Defendants"),(collectively, the "Plaintiff" and "Defendants" referred to as the "Parties"), it appears to the Court that due cause exists to approve settlement and dismiss the case with prejudice regarding Plaintiff's claims against **only**

---

[2] As set forth in FN of the Parties' Settlement Agreement, the Agreement in no way whatsoever shall affect the release of Defendants, CONCRETE LABOR DEVELOPMENT, INC., and ORESTES BOFFIL, in this Litigation. Furthermore, the amount paid by the settling Defendants shall not be used to affect Plaintiff's wage claims, attorneys' fees and costs in the Litigation, against the non-settling Defendants, CONCRETE LABOR DEVELOPMENT, INC., and ORESTES BOFFIL. Plaintiff intends to re-new his Motion for Final Default and Extension of Time as it related to the non-settling Defendants, CONCRETE LABOR DEVELOPMENT, INC., and ORESTES BOFFIL.

**Defendants, K N M CONSTRUCTIONS CORP., and HECTOR GRANADOS** with the Court to retain jurisdiction to enforce the terms of the Settlement Agreement. And therefore, it is:

**ORDERED,** and **ADJUDGED** that the Settlement Agreement between Plaintiff and only Defendant Granados is hereby **APPROVED** in its entirety by the Court under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), and this case is **DISMISSED WITH PREJUDICE as to only Defendants, K N M CONSTRUCTIONS CORP., and HECTOR GRANADOS** with the Court to retain jurisdiction to enforce the terms of the Settlement Agreement. All pending motions in this case **as to only Defendants, K N M CONSTRUCTIONS CORP., and HECTOR GRANADOS** are DENIED as moot, and this case is CLOSED **as to only Defendants, K N M CONSTRUCTIONS CORP., and HECTOR GRANADOS**. The case shall proceed unaffected against Defendants, CONCRETE LABOR DEVELOPMENT, INC., and ORESTES BOFFIL.

As set forth in the Agreement between Plaintiff and **as to only Defendants, K N M CONSTRUCTIONS CORP., and HECTOR GRANADOS**, the Agreement in no way whatsoever shall affect the release of Defendants, CONCRETE LABOR DEVELOPMENT, INC., and ORESTES BOFFIL, in this Litigation.

**DONE AND ORDERED** in chambers, at Miami, Florida, this _____ day of _____ 2018.

                                                                                                       _____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

cc: All Counsel of Record